William J. Kirk Esq. Informal Opinion Town Attorney No. 97-55 Town of Fayette P. O. Box 630 Waterloo, N Y 13165
Dear Mr. Kirk:
In the event a proposition to restore the position of town justice is approved by the voters in a special election prior to December 31, 1997, you inquire whether the justice elected on November 4, 1997 could fill the position or whether the position would be filled at the biennial election to be held in November of 1999. Further, you ask whether a justice elected in November of 1999 would have a term of two years and thereafter a term of four years.
You have explained that on August 14, 1997 the town board adopted a resolution under section 60-a of the Town Law reducing the number of town justices from two to one. No petition was filed within the statutory time period by the voters requesting a referendum on the resolution. A position of town justice was scheduled to be filled at the biennial town election on November 4, 1997.
A late petition for a referendum on this resolution was filed by the voters. The town board subsequently passed a resolution restoring the position of justice and authorized a referendum on the resolution. The board of elections found that it was too late to place the proposition on the ballot in November of 1997 and the town board is considering submitting the proposition to the voters prior to December 31, 1997.
The procedure for changing the number of town justices is provided by section 60-a of the Town Law. Under that provision, the town board may, subject to permissive referendum, enact a resolution reducing the number of town justices and enact a resolution restoring a town justice position that was previously eliminated.
 The election of a . . . town justice to the restored office shall take place at the biennial town election next succeeding the effective date of such resolution, for a term of office commencing January first following the election. Town Law § 60-a(2).
Therefore, under section 60-a the elimination or restoration of the position of town justice is subject to a permissive referendum. Under Article 7 of the Town Law (§§ 90, et seq.), an action subject to permissive referendum may be submitted to the voters upon the filing of a proper petition or the town board, on its own motion, may submit the action to a referendum. A resolution subject to permissive referendum does not take effect until thirty days after its adoption. Id., §§ 91, 94. However, if a petition is filed requiring a referendum or if the town board subjects the resolution to a referendum within the thirty day period, the resolution will not take effect unless it is approved by an affirmative vote of a majority of the qualified electors of the town. Id.
Under the facts you have presented, the resolution of the town board to eliminate a position of town justice became effective thirty days after its enactment because a petition was not filed on a timely basis. Therefore, the position was eliminated, effective at the expiration of the term. N Y Const, Art VI, § 17(d). The November 1997 election of a town justice to a new term would not take effect. The subsequent resolution restoring the position of town justice was made subject to a referendum by motion of the town board. Under section 91 of the Town Law, a petition or a motion of the town board requesting a referendum and occurring not more than 75 nor less than 60 days prior to a biennial town election requires that the action of the town board be submitted to the voters at that biennial town election. Otherwise, the action must be submitted at a special town election to be held not more than 75 nor less than 60 days from the date of the petition or motion of the town board. Id., § 91. The date of the motion by the town board calling for a referendum requires a special election within this statutory time period.
If the voters approve the restoration of the office of town justice at the special election, the election of a town justice to the restored office takes place at the A biennial town election next succeeding the effective date of such resolution (upon the approval of the voters), for a term of office commencing January first following the election@. Id., § 60-a(2). Under the State Constitution, justices of town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election@. N Y Const, Art VI, § 17(d). We have construed this provision to require a four year term for town justices commencing on the first day of January after their election. Op Atty Gen (Inf) No. 90-76.
We conclude that if the voters of your town approve the restoration of the office of town justice, a justice must be elected to that position at the next biennial election for a term of four years commencing on the first day of January following the election.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions